**In re ETCH–ART, INC., Debtor.**

**Bankruptcy No. 840097.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 18, 1986.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, R.I., for Leach & Garner Co.

John H. Hines, Jr., Providence, R.I., for Carmen Jewellery Mfg., Inc.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., trustee.

ORDER

Arthur N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 2, 1986 on Leach & Garner Company's "Motion to Reclaim" $40,000 from the trustee, held by him as part of the insurance proceeds recovered on a theft loss incurred by Etch-Art (the debtor) prior to the filing of the Chapter 11 petition. The trustee takes no position, other than stakeholder, in this dispute between Leach and Garner and Carmen Jewellery Mfg., Inc.

Leach & Garner holds a first position perfected security interest in the debtor's inventory and all proceeds thereof. The $40,000 in question represents part of a theft insurance settlement[1] negotiated by

---

1. The remainder of the insurance recovery ($142,000) has already been paid to Leach & Garner, pursuant to an order dated November 19, 1985 (attached).

the trustee, after a portion of the debtor's gold inventory was allegedly stolen in September 1983. Carmen does not dispute the validity of Leach & Garner's security interest, but argues that it had legal title to $40,000 worth of the stolen gold, that said property was not inventory of the debtor, and that it was therefore never subject to any security interest.

Carmen, a toll account customer which made frequent purchases from the debtor of gold plated findings, asserts its right to the disputed fund based on its allegation that the $40,000 "represented the value of toll gold belonging to Carmen as bailor, and being held by Etch-Art as a bailee under a tolling agreement." *See* Memorandum in Support of Carmen Jewellery Mfg., Inc.'s Objection to Petition to Reclaim at 1, 2. In short Carmen maintains that $40,000 worth of missing gold was *not* inventory to which Leach & Garner's lien attached.

■ After considering the arguments, and reviewing the authorities discussed in the briefs and reply memorandum, we conclude that Carmen has failed to establish ownership of, title to, or an interest in any portion of the gold missing from Etch-Art. In so ruling, we adopt the reasoning advanced in Etch-Art's brief, and reject Carmen's contention that its "toll account" arrangement with Etch-Art constituted a bailment. Based on the agreed statement of facts in the joint pre-trial order dated May 2, 1986, we conclude that Carmen was financing the purchase of inventory by Etch-Art, which then manufactured the raw material into gold plated findings purchased by Carmen.

■ However (assuming, arguendo, that our conclusion above is erroneous), even if it were established that Etch-Art held the gold as bailee, and that Carmen is entitled to a portion of the insurance proceeds in question, Carmen's prima facie claim should be reduced by forty-one percent, since only fifty-nine percent of the gold held by Etch-Art was missing, and further

reduced by fifty percent of that figure, on account of the fact that the settlement was based on fifty percent of the alleged loss. *See* Brief of Leach & Garner at 8–10.

Accordingly, we conclude that Leach & Garner is entitled to the $40,000 held by the trustee, plus interest earned thereon, subject, however, to reduction "for the trustee's statutory fee and for a reasonable fee for services of the trustee's attorney in obtaining such $40,000." *See* attached Order, dated November 19, 1985. Applications should be filed on or before September 26, 1986, and a hearing to determine both fees is scheduled for October 9, 1986, at 9:00 a.m.

## APPENDIX

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND

### ORDER

1. The Trustee herein holds the sum of $182,400 plus interest representing the proceeds of an insurance settlement of a theft claim, after payment of the insurance adjuster's fee.

2. Leach & Garner Company ("L & G") as secured creditor of the Debtor has filed a Motion to Reclaim said proceeds. The only party contesting said Motion is Carmen Jewellery Mfg., Inc. and its affiliate Bijouterie Carmen, Inc. (hereinafter referred to collectively as "Carmen"), represented by John H. Hines, Jr., Esq., in that Carmen claims that $40,000 of the goods stolen, and thus $40,000 of the said proceeds, belongs to Carmen.

3. The said proceeds are also subject to deduction for (a) the Trustee's statutory fee, consisting of (i) $2,704 plus (ii) 1% of said interest, and (b) a reasonable fee for services of the Trustee's attorney in obtaining said proceeds.

THEREFORE, after due consideration of this matter, there being no objection by the

Trustee or the attorneys for L & G and Carmen, and good cause existing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED

1. That the $142,400 in insurance proceeds plus interest earned thereon (the "Partial Proceeds") held by the Trustee represents proceeds of inventory of which L & G holds a first priority security interest.

2. That the Trustee is authorized and directed to pay the Partial Proceeds to L & G forthwith subject to:

a) subtraction of the sum of (i) $2,304 (the statutory fee on $142,400) plus (ii) 1% of said interest, representing compensation for the Trustee's services in obtaining the Partial Proceeds; and

b) subtraction of a reasonable fee for services of the Trustee's attorney in obtaining the Partial Proceeds, such fee to be determined by the court after notice and hearing (until such determination, this portion of the Partial Proceeds may be paid to L & G).

3. That this Order is without prejudice to the rights of L & G and Carmen with regard to the remaining $40,000 plus interest thereon (and deductions from same for the Trustee's statutory fee and for a reasonable fee for services of the Trustee's attorney in obtaining such $40,000), which shall be subject to further hearing and order by this Court.

Dated: November 19, 1985.